**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

    v.                                                                       Civil No. 05-cv-085-JM

<u>Thirty-Eight Thousand Dollars
($38,000.00) in United States Currency</u>

**O R D E R**

Plaintiff has filed two motions in limine and a Rule 26(a)(3) and LR 16.2 objection.

1. <u>Rule 26(a)(3)/LR 16.2 Objection</u>.

    a. Claimant did not comply with these rules in setting forth the phone numbers of his witnesses. However, in a ten person sampling the court readily found the phone numbers of 9 of the 10 persons sampled. The trial list complied with the rules. The objection is overruled.

    b. Documents requested in discovery but not produced (document no. 56, pp. 203) may not be introduced.

    c. Depositions/state court testimony of witnesses alive and within subpoena range may not be admitted into evidence except they may be used to impeach or refresh recollection.

    d. Objections to the revised exhibit list are reserved to trial to be ruled upon in context.

      e.    Attorneys fees, if any, will be considered post-trial.

Document no. 56 is granted in part, moot in part and denied in part.

    2.    <u>Motion in limine to exclude expert testimony for claimant</u>.

Claimant disclosed no expert and has not objected to the motion.

Document no. 48 is granted.

    3.    <u>Motion to use prior drug history of claimant and "his associates and witnesses"</u>.

      a.    <u>Rule 609</u>

Impeachment by evidence of a felony less than 10 years old or on dishonesty or false statement will generally be permitted but no juvenile convictions may be used.  Fed. R. Evid. 609(a) and (d).  Whether any such conviction is unduly prejudicial cannot be determined on the memorandum submitted. Counsel is to seek a bench determination prior to each such attempted impeachment.

      b.    <u>Rule 404(b) and Relevant</u>.

The government apparently contends that all

arrests or convictions for drug offenses of the claimant or "his associates" is admissible.

I.   Evidence of Prior Drug History

The government argues that "courts have long accepted evidence of prior drug histories of both claimants and their associates, whether resulting in arrests and convictions or not, as probative of a connection between seized currency and drug trafficking."  The authorities cited by the government do not stand for this sweeping proposition.

In United States v. One Lot of U.S. Currency ($36,634), 103 F.3d 1048, 1054-55 (1st Cir. 1997), the court stated that "[a]ssociation with known criminals, without more, is, of course, not enough to establish probable cause."  The court found, however, that additional facts in that case deepened the probative value of the claimant's association with accused drug traffickers, including the following: (1) the claimant took a circuitous route to the airport; (2) the claimant had a nearly identical itinerary to one of the associates; (3) an associate's appearance with the claimant at a DEA office; and (4) the claimant's bailing out of an associate with a large sum of cash when banks were closed.  Id. at 1055.  Thus, One Lot of U.S.

Currency ($36,634), does not stand for the broad proposition set forth by the government that any associate's drug history is probative of a connection between seized currency and drug trafficking.  The government's other authorities are similarly unpersuasive on this point.

In United States v. $20,330.00 in U.S. Currency, No. 04-cv-02143, (D. Colo. May 1, 2006), the Court noted that the claimant's close associate was a suspected methamphetamine dealer who had distribution quantities of methamphetamine recovered from the associate's home pursuant to a search warranted, but that was not the most salient fact supporting the decision.  The court noted that officers had received anonymous tips that: (1) the claimant was selling drugs in the area; (2) the claimant had delivered drugs to his close associate; (3) the claimant had traveled out of state with over $10,000 and returned with "a load of drugs"; and (4) the claimant was the supplier for two other persons who were selling methamphetamine in the area.  Id. at *2.  Those facts were in addition to a positive drug dog alert to the seized currency.  Id. at *5.

In United States v. $22,991.00, More or Less, In United States Currency, 227 F. Supp. 2d 1220 (S.D. Ala. 2002), the

claimant's "associate" was a convicted crack cocaine dealer who had dealt crack cocaine out of the claimant's house, and whom the claimant referred to as her common law husband.  Id. at 1223.  Moreover, the claimant conceded to an agent that a significant portion of the defendant currency represented proceeds from one or more of her common law husband's drug transactions.  Id. at 1234.

In United States v. U.S. Currency ($83,310.78), 851 F.2d 1231 (9th Cir. 1988), a case decided under the pre-CAFRA standard, the claimant's "associate" was her son who had twice been convicted of possession for sale of controlled substances, and had also been arrested for possession thereafter.  The court found that those facts demonstrated that more than "mere suspicion" existed of the son's involvement in illegal drug transactions where officers seized the defendant currency from a bathroom in the claimant's house immediately after the son exited the bathroom, and neither the claimant, her son, or her son's wife claimed ownership of the seized money immediately after the officers discovered it in the bathroom.  Id. at 1235-36.

In sum, a fair reading of the cases appears to be that a claimant's close association with known or accused drug

traffickers is one factor that may be considered in determining whether there is a connection between seized currency and drug trafficking.  The cases do not support the government's apparent argument that <u>any</u> associate's prior drug history is probative evidence.

II.  <u>Propensity Evidence</u>

The government argues that Fed. R. Evid 404(b) permits the use of other crimes evidence such as the prior drug history of Drake's associates and witnesses for the purpose of showing a nexus between the seized currency and controlled substance offenses.  The cases that the government cites in support of this proposition are inapposite.  Furthermore, this appears to be an attempt to get around the bar to character or propensity evidence because the only way that you can draw a connection between the currency and controlled substance offenses is by inferring that the persons with prior drug histories who used the truck, probably committed substances offenses again, or intended to do so in the future.  The currency itself does not have an intent, motive or plan.

III. <u>Non-Propensity Evidence</u>

The government argues that evidence that a distribution

quantity of marijuana was stolen from Alvin Drake's barn is admissible under Fed. R. Evid. 404(b) for the purposes of showing: (1) that Drake possessed the defendant currency in order to pay a debt to the suppliers of the stolen marijuana; (2) that Drake and his associates had motive to possess currency that was intended to be used to facilitate additional drug transactions; or (3) that Drake and his associates had the opportunity to generate the amount of money by the drugs that the government infers was must have at one time been in the bag along with the marijuana that was stolen.

These theories are problematic in that (1) the government does not have the bag to show to the jury; (2) it seems highly unlikely that a drug dealer would mark the quantity of drugs on a bag containing drugs; (3) there is an insufficient basis upon which to infer that the bag from which the marijuana was stolen was ever full; and (4) it seems highly unlikely that Drake would have told high school kids about marijuana stored in his barn; it seems highly unlikely that the high school kids would know exactly where to look to find marijuana in Drake's barn.

Despite the foregoing problems with the government's theories pertaining to the marijuana in the barn, however, there

does not appear to be basis for categorically denying the government the opportunity to put on evidence pertaining to a distribution quantity of marijuana that was stolen from a barn within Drake's possession custody or control for the purpose of showing a motive, opportunity or intent to use the defendant currency to facilitate drug transactions.

In short, unless the government can establish that the mere arrest or conviction of an associate is accompanied by more such evidence is not relevant and is not admissible under Fed. R. Evid. 404 (b).

The marijuana theft from the Drake barn, the alleged odor of marijuana on the money, the "roaches" and the "dog alert" are relevant.  Whether more referenced in the motion is admissible cannot be determined without a more substantial proffer as to each witness.

The motion (document no. 49) is denied without prejudice to further proffer in context at trial.

   **SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: August 4, 2006

cc:     David H. Bownes, Esq.
        Robert J. Rabuck, Esq.
        Jean B. Weld, Esq.