UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                        Civil No. 05-cv-085-JM

$38,000.00 US Currency

**O R D E R**

After a jury verdict determining that the government was entitled to the forfeiture of the $38,000.00 seized from Alvin Drake, Mr. Drake moved:

(a)  for a new trial (document no. 81);

(b)  for judgment as a matter of law (document no. 80); and

(c)  to amend the judgment (document no. 82).

The government objects and moves for a final order of forfeiture.

1.  Motion For Judgment as a Matter of Law ("MJOL").

Claimant moved for "MJOL" at the conclusion of plaintiff's case but did not renew the motion at the close of all the evidence.  "If a (party) wishes to renew a motion for judgment as a matter of law at the post-trial stage, with a view to having denial of that motion considered by the court of appeals, the defendant is required to have moved for judgment as a matter of law at the close of all the evidence."  Keisling v. SER-Jobs For

Progress, Inc., 19 F.3d 755, 758 (1st Cir. 1994); See, Rivera Castillo v . Autokirey, Inc., 379 F.3d 4, 9 (1st Cir. 2004). Claimant has waived any sufficiency of the evidence argument under Fed. R. Civ. P. 50.

The motion (document no. 80) is denied.

2. Motion For A New Trial.

Claimant moves for a new trial under Rule 59 alleging errors in the introduction of evidence at the trial; namely:

    A. A "sex toy" seized from the claimant's belongings on January 21, 2005;

    B. Prior conduct of both the claimant and his ex-wife relating to "supposed drug transactions" which were remote, not particularly probative of any issues in the case and inherently prejudicial;

    C. The "kids raid" on the Drake barn in October of 2004.

    A. The "sex toy".

A "sex toy" was located in a bank bag located during the search of claimant's truck. The toy was relevant to no issue in the case and bringing it out on redirect was prejudicial. I sustained the objection, struck the testimony and instructed the jury to disregard the answer. Jurors are indeed presumed to follow such instructions. See Ramirez v. Debs-Elias, M.D., 407

F.3d 444, 448 (1st Cir. 2005); United States v. Sepulveda, 15 F.3d 1161, 1184 (1st Cir. 1993).  Claimant also did not seek a mistrial and, while the testimony was prejudicial, the prejudice was mitigated by the instruction.

      B.    Claimant and his ex-wife's prior drug conduct.

The evidence at trial about prior use of marijuana by claimant and/or his wife consisted of four areas:

      a.    Use of drug proceeds to purchase property in Vermont;

      b.    Civil "convictions" of Alvin Drake in Maine;

      c.    Civil "convictions" of Mary Drake in Maine; and

      d.    Alvin Drake's alleged use admission and/or observations by Officer Ruel.

Alvin Drake testified in his deposition that he had never used marijuana.  That deposition was a full exhibit.  See Exhibit 15.  As discussed at side bar, that testimony and Mr. Drake's testimony as to marijuana usage in Maine was subject to impeachment by the Maine police officer and court records.  Further, the testimony of Ruel was properly admitted both to impeach and because of its relevance to the initial arrest and seizure of the money.

The question as to the Vermont real estate acquisition evoked a denial by Mrs. Drake.  The government had a good faith basis for the question (e.g. Mrs. Labranche).  I found Mrs. Labranche not credible and did not permit her to testify.

The evidence was admissible and the question on the Vermont property did not prejudice claimant.  There matters do not constitute a basis for a new trial under Rule 59.

      C.   The "kids raid" on the barn.

Claimant lists this as a claimed basis for a new trial but has failed to provide any law or a single fact to support the claim.  It is not appropriate for the court to guess at claimant's argument.  The testimony was admissible.

The motion (document no. 81) is denied.

      3.   Motion to Amend The Judgment.

Claimant maintains that the forfeited amount should be reduced by ninety percent (90%) because Ruel's testimony as to the marijuana odor on the $38,000.00 and Rambo's "drug alert" on the money, together with the testimony of Drake's legitimate cash business, provide a basis for forfeiture of only an insignificant amount of the money.  Forfeiture of the money, therefore, would violate the Eighth Amendment.

Claimant has not pointed to any fact in the record which would permit a finding that a substantial portion of the $38,000.00 is unrelated to drugs.  Furthermore, as the United States has pointed out, and I adopt, the law does not support claimant's position.  <u>See</u> document no. 86-2, pp. 3-5.

The motion (document no. 82) is denied.

4.   <u>Final Order of Forfeiture</u>.

The motion (document no. 83.1) is granted and the Order is issued by separate order.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:  November 16, 2006

cc:    David H. Bownes, Esq.
       Robert J. Rabuck, Esq.
       Jean B. Weld, Esq.